**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Gilbert Delgado,<br><br>　　　　　Defendant. | No. 13-CR-1991-JGZ-2<br><br>**ORDER** |

  Now pending before the Court is Gilbert Delgado's Motion to Seal Records. (Doc. 78.) The records pertain to a prosecution by the State of Arizona. (*See* Doc. 1.) On October 10, 2013, the State initiated, in state court, criminal charges against members of the Air National Guard, including Delgado. (*See id.*) Some of the named defendants sought removal of the action to federal court, asserting that the purported criminal activity took place while the defendants were acting under temporary duty entitlement from the United States Air Force. (*See* Docs. 1, 67.) Before the Court ruled on the request for removal, the State moved to dismiss the underlying state charges against the defendants seeking removal. (Docs. 65, 66, 78-1.) Those defendants withdrew their motions to remove, and the Court remanded the case back to state court. (*See* Docs. 65, 66, 76.)

  Subsequently, the State also moved to dismiss the charges against Delgado, and the charges were dismissed with prejudice. (*See* Doc. 78-1.) Delgado then sought an order from the state court pursuant to A.R.S § 13-4051. Under that statute, "[a] person who is wrongfully arrested, indicted or otherwise charged for any crime may petition the superior

court for entry on all court records, police records and any other records of any other agency relating to such arrest or indictment a notation that the person has been cleared." A.R.S § 13-4051(A). In the interest of justice, the state court entered such an order, sealed the state court's file, and directed that a notation that Delgado had been cleared in the matter be made on "all court records." (Doc. 78-1 at 3–8.)

In his pending motion, Delgado relies on that state court order to request that this Court seal the federal records related to the state charges. (Doc. 78.) The state court order, in addition to notating and sealing Delgado's file, asserts that no criminal charges involving this matter were ever filed against Delgado in federal court. (*Id.*) Delgado contends, however, that attempts to remove the case to federal court created a paper trail of federal court records, which this Court should seal in the interest of justice and in accordance with the state court's order. (*Id.* at 2.) Delgado suggests that the federal court records were not sealed because a copy of the state court order was apparently never sent to this Court. (*Id.*) Delgado thus requests that all of this Court's records that relate to this case and contain his name be properly notated and sealed. (*Id.*) Delgado also contends that failure to do so may cause him significant loss. (*Id.*)

As an initial matter, the state court's order sealing Delgado's case neither binds federal courts nor supersedes federal law. *See generally United States v. Miller*, 14 F.3d 761, 763 (2d Cir. 1994) ("state court rulings in a criminal trial are not binding on a federal court"); *Mut. Ben. Health & Acc. Ass'n v. Cohen*, 194 F.2d 232, 241 (8th Cir. 1952) ("State Court opinions are not authoritative decisions and not binding on Federal Courts."). The Court must therefore apply federal law in deciding whether to seal public court records. And, although the Court is sympathetic to Delgado's position, for the reasons and federal precedent that follow, the Court will deny the Motion to Seal.

"The law recognizes two qualified rights of access to judicial proceedings and records." *United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011). First, there is the

1   First Amendment's right of access to criminal proceedings and documents therein. *Id.*
2   Second, there is a common-law right to inspect and copy public records and documents,
3   including judicial records. *Id.*

4   Courts must ask two questions to determine whether a qualified First Amendment
5   right of public access applies. *United States v. Doe*, 870 F.3d 991, 997 (9th Cir. 2017).
6   First, whether the place and process have historically been open to the press and general
7   public. *Id.* Second, whether public access plays a significant positive role in the functioning
8   of that process. *Id.* However, even when this "experience and logic test" is satisfied, the
9   public's First Amendment right of access establishes only a strong presumption of
10  openness. *Id.* A court may still deny the public access if a compelling governmental interest
11  requires closure and closure is narrowly tailored to serve that interest. *Id.*

12  The common-law public right of access to judicial proceedings and records exists
13  in criminal and civil cases. *See United States v. Wecht*, 484 F.3d 194, 207–08 (3rd Cir.
14  2007). There is a strong presumption in favor of the public's right of access. *Kamakana v.*
15  *City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A party seeking to
16  overcome this presumption must present compelling reasons supported by specific facts
17  that outweigh the general history of access and public policy favoring disclosure. *Id.* A
18  litigant who might be embarrassed or incriminated because of public records is not, without
19  more, entitled to the court's protection. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d
20  1122, 1136 (9th Cir. 2003).

21  Delgado fails to present specific compelling reasons that outweigh the general
22  history and public policy favoring disclosure. Delgado notes that the case against him was
23  dismissed with prejudice. (Doc. 78 at 2.) Delgado also argues that failure to seal the record
24  "may cause [him] significant loss of income from [his] employment and other losses." (*Id.*)
25  However, the federal records at issue show only the existence of the case. These records
26  do not, as Delgado points out, suggest that he was found responsible for any criminal
27  action. (*See id.*) ***In fact, the federal records, in conjunction with the state court records,***
28

*show that Delgado was cleared in this matter.* Public officials may face meritless litigation, causing inconvenience and distraction that is not inconsiderable. *See Town of Newton v. Rumery*, 480 U.S. 386, 399 (1987) (O'Connor, J., concurring). Even so, that fact alone is an insufficient basis for sealing public records. *See Foltz*, 331 F.3d at 1136.

Accordingly,

**IT IS ORDERED** that Defendant Gilbert Delgado's Motion to Seal Records (Doc. 78) is **DENIED**.

Dated this 22nd day of November, 2022.

_____
Honorable Jennifer G. Zipps
United States District Judge